IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 20-cv-03688-RBJ

MAXIMILLIAN ZEFERINO ESQUIBEL,

Plaintiff,

v.

THOMAS MINSER,
JASON R. DUNN, and
JASON ST. JULIEN,

Defendants.

## ORDER OF DISMISSAL

This matter comes before the Court on the *Jurisdictional Complaint* filed *pro se* by

Plaintiff Maximillian Zeferino Esquibel on December 16, 2020. (ECF No. 1). Because Plaintiff

is *pro se*, the Court liberally construes his filings, but will not act as an advocate. *James v.

Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). And the Court may dismiss a complaint *sua

sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged and

allowing him an opportunity to amend his complaint would be futile *McKinney v. State of Okl.,

Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991). Since it is patently obvious that this

civil action attempts an improper collateral attack on a criminal judgment, the complaint will be

dismissed.

On December 7, 2020, the Court entered a criminal judgment against Plaintiff in *United

States v. Esquibel*, 19-cr-00376-RBJ-1, ECF No. 150 (D. Colo. Dec. 7, 2020). On December 16,

1

Plaintiff initiated this civil action against three federal prosecutors associated with his criminal case: Thomas Minser, Assistant United States Attorney; Jason R. Dunn, United States Attorney for the District of Colorado; and Jason St. Julien, Assistant United States Attorney. (ECF No. 1 at 1-2). The legal claims asserted in Plaintiff's *Jurisdictional Complaint* range from sovereign-citizen-type arguments that Plaintiff is a "transient foreigner" to assertions that the three federal prosecutors named in this action lacked the power to enforce any laws against him. (*See id*). The sum of these contentions lead Plaintiff to conclude that the criminal judgment entered against him is void. (*Id.* at 17).

But civil actions "are not appropriate vehicles for challenging the validity of outstanding criminal judgments[.]" *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Under *Heck*, if a civil judgment implies the invalidity of a criminal conviction or sentence, a cause of action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. In short, a civil rights action that directly or indirectly challenges a criminal judgment "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The *Heck* bar also applies to *Bivens* claims brought by persons subject to federal criminal judgments. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). "[T]o the extent [Plaintiff] seeks to challenge his criminal conviction and sentence, he may file a direct appeal and/or seek post-conviction relief as provided by 28 U.S.C. § 2255." *Akers v. Martin*, 227

2

F. App'x 721, 723 (10th Cir. 2007) (unpublished) (footnote and citation omitted).

Here, Plaintiff challenges the Court's and the prosecutors' authority to convict him of a federal crime. Such challenges clearly imply the invalidity of the criminal judgment. The Court also notes that Plaintiff is currently pursuing an appeal of the criminal conviction in the United States Court of Appeals for the Tenth Circuit. But until Plaintiff can allege that his federal conviction has been reversed on appeal, declared invalid, expunged, or called into question by a writ of habeas corpus, civil claims attacking the criminal judgment are premature. Therefore, the collateral attacks to the criminal judgment that Plaintiff asserts in this action will be dismissed.

Accordingly, it is **ORDERED** that the *Jurisdictional Complaint* (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

DATED at Denver, Colorado, December 21, 2020.

BY THE COURT:

R. Brooke Jackson
United States District Judge